**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robert Wayne Eaves, Appellant.

Appellate Case No. 2019-001683

_____

Appeal From Colleton County
Thomas W. Cooper, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2023-UP-360
Submitted October 1, 2023 – Filed November 8, 2023

_____

**AFFIRMED**

_____

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Attorney General David A. Spencer, and Senior
Assistant Attorney General Mark Reynolds Farthing, all
of Columbia, for Respondent.

_____

**PER CURIAM:** Counsel for Eaves filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal

and requesting permission to withdraw from further representation. This court denied the request to withdraw and directed the parties to file additional briefs.

Robert Wayne Eaves appeals his conviction for third-degree criminal sexual conduct with a minor and sentence of five years' imprisonment. On appeal, Eaves argues the trial court abused its discretion by admitting the unredacted videotape of minor victim's forensic interview because the forensic interviewer (1) improperly elicited the victim's statements through leading questions, and (2) bolstered the victim's credibility by asking her to tell the truth at the beginning of the interview. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by admitting the minor's forensic interview because the totality of the circumstances provided particularized guarantees of trustworthiness. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Douglas*, 369 S.C. 424, 430, 632 S.E.2d 845, 848 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); S.C. Code Ann. § 17-23-175(A) (2014) (providing "an out-of-court statement of a child is admissible if . . . (1) the statement was given in response to questioning conducted during an investigative interview of the child; (2) an audio and visual recording of the statement is preserved on film . . . ; (3) the child testifies at the proceeding and is subject to cross-examination . . . ; (4) the [trial] court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness"). We find the forensic interviewer asked the minor open-ended questions and when she did repeat the minor's answers, the questions did not suggest a desired answer. *See* S.C. Code Ann. § 17-23-175(B) (2014) (providing the five factors for the court to balance in determining whether a minor's out-of-court statement possesses particularized guarantees of trustworthiness: "(1) whether the statement was elicited by leading questions; (2) whether the interviewer has been trained in conducting investigative interviews of children; (3) whether the statement represents a detailed account of the alleged crime; (4) whether the statement has internal coherence; and (5) sworn testimony of any participant which may be determined as necessary by the court"); *State v. Adams*, 430 S.C. 420, 428, 845 S.E.2d 217, 221 (Ct. App. 2020) (holding the "[v]ictim's [forensic] interview . . . was admissible pursuant to [section] 17-23-175 because it was video recorded, victim testified at trial subject to cross-examination, and the circumstances of the interview provided particularized guarantees of trustworthiness. . . . [This court also found that the interviewer] was

trained to interview children, and she did not ask leading questions"); *State v. Tyner*, 273 S.C. 646, 653, 258 S.E.2d 559, 563 (1979) ("A leading question is one which suggests to the witness the desired answer.").

As to Eaves's argument that the forensic interviewer's instruction to the minor victim to tell the truth bolstered the victim's credibility, we find this issue is not preserved for appellate review because it was not properly raised to or ruled upon by the trial court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.